THE STATE OF MISSOURI, Respondent, *v.* HENRY BROWN, Appellant.

### March 21, 1876.

An appeal cannot be taken from a judgment sentencing the defendant to death, where the sentence has been executed.

APPEAL from St. Louis Criminal Court.

*Stricken from the docket.*

*Fauntleroy & Clark*, for appellant, cited: State *v.* Perrine, 56 Mo. 602.

*J. C. Normile*, Circuit Attorney, for respondent.

GANTT, P. J., delivered the opinion of the court.

Henry Brown, having been regularly indicted, was tried and convicted of murder in the first degree, on September 8, 1875. He was sentenced to be hanged October 22, 1875, and was actually executed on that day.

At his trial a bill of exceptions was signed by the judge of the Criminal Court. It is to be inferred either that no attempt was made to obtain an order suspending the execution of the sentence, or that the court to which any application for that purpose was made was of opinion that there was

29

nothing meritorious in the prayer.   On this head the record is silent.

When the cause was called in this court on March 6, 1876, the circuit attorney suggested the death of the appellant, and the counsel who professed to represent him admitted that he had been executed pursuant to the sentence of the St. Louis Criminal Court.

Thereupon this court ordered the cause to be stricken from the docket, against the protest of the counsel who claimed to represent the deceased, who urged, with much earnestness, that the statutes of Missouri grant the right of appeal in "all cases" of felony; that there was no exception when the felon had ceased to live, and that his right of appeal survived him.

We are of opinion that the counsel (whose zeal and earnestness in behalf of his client are very commendable) has omitted to consider the signification of the term employed by our law-makers.   There is no case before the court respecting Henry Brown.   We confine our remarks, of course, to the man who was hanged on October 22, 1875, and have no reference to any other person of that name who may be still alive, and, for aught we know, a party to a controversy in some suit, the record of which is lodged in this court in conformity with a writ of error or appeal under the constitution and laws of Missouri. But the case to which *the* Henry Brown who died on October 22, 1875, was a party is at an end.   To every "case" there must be at least two parties.   It is element- ary that "*actor et reus*" are essential to every controversy which can be presented for judicial arbitrament.   When either ceases to exist, and is incapable of being represented by any successor, the "case" is at an end.   It is so obvious that no person can be put in the place of Brown to do and receive what sentence the court might, if he were still alive, proceed to pronounce, that we feel that we have already taken up too much time with the justification of the order we made when the cause was called.   All the judges concur.